# Exhibit A

FILED
6/1/2026 10:51 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026L006380
Calendar, F
38337541

FILED DATE: 6/1/2026 10:51 AM 2026L006380

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | NO.: |
| vs. | ) | |
| | ) | |
| | ) | |
| UBER TECHNOLOGIES, INC, | ) | |
| | ) | |
| *Defendant*. | ) | |

## COMPLAINT AT LAW

Plaintiff, JANE DOE**,** by and through her counsel, WALLACE MILLER, and for her Complaint at Law against Defendant, UBER TECHNOLOGIES, INC., states as follows:

## FACTS COMMON TO ALL COUNTS

1. Plaintiff JANE DOE is an adult woman who was born in 1993 (hereinafter referred to as "Plaintiff") and resides in the State of Illinois, County of Cook.

2. UBER TECHNOLOGIES, INC. ("UBER") is a corporation existing under the laws of the State of Delaware, with its headquarters and principal place of business located at 1725 3rd Street, San Francisco, California.

3. At all relevant times, UBER was a foreign corporation authorized to do business in the State of Illinois, County of Cook.

4. At all relevant times, UBER offered to the public a licensed mobile software application whereby members of the public seeking vehicular transportation can log into the application on their smartphones and request a ride to their destination ("UBER Passenger App"). In doing so, potential riders are paired by UBER with a driver.

FILED DATE: 6/1/2026 10:51 AM 2026L006380

5. UBER operates another application for drivers of UBER, which they can use to log on and accept rides from potential UBER customers ("UBER Driver App"), after they are hired and approved as an UBER driver.

6. The UBER Driver App also provided UBER Drivers with turn-by-turn GPS directions to guide the Driver to the UBER Passenger's designated destination.

7. Some time prior to June 2, 2024, UBER hired a driver by the name of "William" (last name unknown) as an Uber driver.

8. In order to be hired as an UBER driver, "William" was required to pass a background check and motor vehicle check.

9. After being hired, "William" was given access to the UBER Driver App, received training on how to use the UBER Driver App, and was given instructions, rules, and guidelines for operation of his personal vehicle for the benefit and profit of UBER.

10. Among the aforesaid rules were policies for UBER drivers, including "William," regarding how and when to accept rides, how to safely transport passengers to their destination, how to safely drop off passengers at their destination, and restricted behaviors when transporting passengers.

11. "William" was provided with, and trained on, these rules and was expected to follow them in order to be allowed to continue working as an UBER driver.

12. At all relevant times, Uber drivers, including "William," were graded and were subject to termination by UBER for failure to follow the rules provided to them.

13. At all relevant times, "William" was an UBER driver in good standing and authorized to accept rides from potential UBER customers.

FILED DATE: 6/1/2026 10:51 AM 2026L006380

14. At all relevant times, "William" was acting as either an employee, servant, and/or apparent or authorized agent of UBER.

15. On June 2, 2024, Plaintiff logged into the UBER software application on her smartphone and requested an UBER driver for transportation to another location.

16. On June 2, 2024, Plaintiff was paired by the UBER Passenger App with the UBER driver, "William."

17. When "William" arrived, Plaintiff checked the vehicle make, model, and license plate number provided in the Uber Passenger App to the vehicle that "William" was driving to ensure she was entering the correct vehicle.

18. Plaintiff then proceeded to get into the vehicle being operating by "William."

19. Shortly after the ride began, "William" began driving erratically, disregarding stop signs, speeding, and disregarding the GPS directions provided to him by the UBER Driver App.

20. Additionally, throughout the ride, he was making frequent eye contact with Plaintiff while licking his lips and touching his groin.

21. These actions concerned Plaintiff, who repeatedly requested "William" slow the car and obey traffic laws. When these requests were ignored, she requested that "William" pull over and unlock the doors so she could exit the vehicle. All of her pleas were ignored.

22. After approximately 10 minutes of being held in the vehicle against her will, "William" pulled into a gas station and let Plaintiff exit the vehicle.

## <u>COUNT 1 – NEGLIGENCE</u>

23. Plaintiff restates and incorporates paragraphs one through twenty-two as though fully stated herein.

FILED DATE: 6/1/2026 10:51 AM 2026L006380

24. At all relevant times, UBER knew or should have known that "William had a particular unfitness for his job as an UBER driver, which created an unreasonable risk of harm to passengers, including Plaintiff.

25. At all relevant times, UBER owed a duty of reasonable care to Plaintiff to ensure its customers were being matched with safe drivers.

26. At all relevant times, UBER owed a duty of reasonable care to Plaintiff to ensure they were being safely transported to their destination.

27. At all relevant times, UBER owed a duty to Plaintiff to exercise reasonable care in the performance of the services it offered to her through the UBER Passenger App.

28. In violation of the aforesaid duties, UBER, by and through its agent, servants, and/or employees, was guilty of one or more of the following careless acts and/or omissions:

a. Carelessly and negligently failed to prohibit their driver from driving recklessly with UBER customers in the vehicle;

b. Carelessly and negligently failed to institute adequate policies to protect UBER customers from reckless drivers;

c. Carelessly and negligently failed to institute adequate policies to prohibit UBER drivers from confining UBER customers in their vehicles;

d. Carelessly and negligently failed to prohibit their driver from causing imminent fear of bodily harm to UBER customers in the vehicle;

e. Was otherwise careless and/or negligent.

29. As a direct and proximate result of the negligent conduct described herein, Plaintiff has suffered and continues to suffer injuries and damages, including, without limitation, great pain of body and mind; shock; severe and permanent emotional distress; physical manifestations of the aforesaid emotional distress; terror; embarrassment; loss of self-esteem; disgrace; humiliation; and

FILED DATE: 6/1/2026 10:51 AM 2026L006380

loss of enjoyment of life. The Plaintiff has incurred and will continue to incur severe psychological injury and expenses for medical and psychological treatment, therapy, and counseling.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs, disbursements, reasonable attorney's fees, interest including prejudgment interest, and such other relief as is deemed equitable and just.

## COUNT II – NEGLIGENT HIRING, SUPERVISION, AND RETENTION

30. Plaintiff restates and incorporates paragraphs one through twenty-two as though fully stated herein.

31. At all relevant times, UBER owed a duty to Plaintiff to exercise reasonable care in the hiring, supervision, and training of its drivers.

32. In violation of the aforesaid duties, UBER, by and through its agent, servants, and/or employees, was guilty of one or more of the following careless acts and/or omissions:

a. Carelessly and negligently failed to perform adequate screenings to ensure that reckless and dangerous drivers were not allowed access to UBER customers;

b. Carelessly and negligently hired "William," despite his dangerous propensities;

c. Carelessly and negligently failed to supervise its drivers to ensure they were following UBER policies and local traffic laws;

d. Carelessly and negligently failed to supervise its drivers to ensure they were not causing undue fear to UBER passengers;

e. Carelessly and negligently failed to supervise its drivers to ensure they were not falsely imprisoning UBER passengers;

f. Carelessly and negligently failed to terminate its relationship with "William" as an UBER driver, despite his dangerous propensities;

g. Was otherwise careless and/or negligent.

FILED DATE: 6/1/2026 10:51 AM 2026L006380

33. As a direct and proximate result of the negligent conduct described herein, Plaintiff has suffered and continues to suffer injuries and damages, including, without limitation, great pain of body and mind; shock; severe and permanent emotional distress; physical manifestations of the aforesaid emotional distress; terror; embarrassment; loss of self-esteem; disgrace; humiliation; and loss of enjoyment of life. The Plaintiff has incurred and will continue to incur severe psychological injury and expenses for medical and psychological treatment, therapy, and counseling.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs, disbursements, reasonable attorney's fees, interest including prejudgment interest, and such other relief as is deemed equitable and just.

## COUNT III – FALSE IMPRISONMENT

34. Plaintiff restates and incorporates paragraphs one through twenty-two as though fully stated herein.

35. At all relevant times, UBER, through its employee, servant, and/or agent, restrained Plaintiff against her will by not allowing her to exit the vehicle when requested.

36. Plaintiff clearly voiced that she was being kept in the vehicle against her will when she repeatedly orally requested that the driver stop and let her out.

37. At all relevant times, UBER did not have any reasonable grounds to restrain Plaintiff, nor did it have any legal authority to do so.

38. As a direct and proximate result of the false imprisonment of Plaintiff, she has suffered and continues to suffer injuries and damages, including, without limitation, great pain of body and mind; shock; severe and permanent emotional distress; physical manifestations of the aforesaid emotional distress; terror; embarrassment; loss of self-esteem; disgrace; humiliation; and

FILED DATE: 6/1/2026 10:51 AM 2026L006380

loss of enjoyment of life. The Plaintiff has incurred and will continue to incur severe psychological injury and expenses for medical and psychological treatment, therapy, and counseling.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs, disbursements, reasonable attorney's fees, interest including prejudgment interest, and such other relief as is deemed equitable and just.

Respectfully Submitted,

Molly C. Wells
Attorney for Plaintiff

**WALLACE MILLER**
Molly C. Wells (6320461)
Alexandrea M. Messner (6334481)
200 W. Madison St., Suite 3400
Chicago, IL 60606
Phone: (312) 261-6193
Fax: (312) 275-8174
Email: mcw@wallacemiller.com
amm@wallacemiller.com
Firm ID: 65958

# Exhibit B

FILED
6/1/2026 10:51 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026L006380
Calendar, F
38337541

FILED DATE: 6/1/2026 10:51 AM 2026L006380

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | NO.: |
| vs. | ) | |
| | ) | |
| | ) | |
| UBER TECHNOLOGIES, INC, | ) | |
| | ) | |
| *Defendant*. | ) | |

## COMPLAINT AT LAW

Plaintiff, JANE DOE**,** by and through her counsel, WALLACE MILLER, and for her Complaint at Law against Defendant, UBER TECHNOLOGIES, INC., states as follows:

## FACTS COMMON TO ALL COUNTS

1. Plaintiff JANE DOE is an adult woman who was born in 1993 (hereinafter referred to as "Plaintiff") and resides in the State of Illinois, County of Cook.

2. UBER TECHNOLOGIES, INC. ("UBER") is a corporation existing under the laws of the State of Delaware, with its headquarters and principal place of business located at 1725 3rd Street, San Francisco, California.

3. At all relevant times, UBER was a foreign corporation authorized to do business in the State of Illinois, County of Cook.

4. At all relevant times, UBER offered to the public a licensed mobile software application whereby members of the public seeking vehicular transportation can log into the application on their smartphones and request a ride to their destination ("UBER Passenger App"). In doing so, potential riders are paired by UBER with a driver.

FILED DATE: 6/1/2026 10:51 AM 2026L006380

5. UBER operates another application for drivers of UBER, which they can use to log on and accept rides from potential UBER customers ("UBER Driver App"), after they are hired and approved as an UBER driver.

6. The UBER Driver App also provided UBER Drivers with turn-by-turn GPS directions to guide the Driver to the UBER Passenger's designated destination.

7. Some time prior to June 2, 2024, UBER hired a driver by the name of "William" (last name unknown) as an Uber driver.

8. In order to be hired as an UBER driver, "William" was required to pass a background check and motor vehicle check.

9. After being hired, "William" was given access to the UBER Driver App, received training on how to use the UBER Driver App, and was given instructions, rules, and guidelines for operation of his personal vehicle for the benefit and profit of UBER.

10. Among the aforesaid rules were policies for UBER drivers, including "William," regarding how and when to accept rides, how to safely transport passengers to their destination, how to safely drop off passengers at their destination, and restricted behaviors when transporting passengers.

11. "William" was provided with, and trained on, these rules and was expected to follow them in order to be allowed to continue working as an UBER driver.

12. At all relevant times, Uber drivers, including "William," were graded and were subject to termination by UBER for failure to follow the rules provided to them.

13. At all relevant times, "William" was an UBER driver in good standing and authorized to accept rides from potential UBER customers.

FILED DATE: 6/1/2026 10:51 AM 2026L006380

14. At all relevant times, "William" was acting as either an employee, servant, and/or apparent or authorized agent of UBER.

15. On June 2, 2024, Plaintiff logged into the UBER software application on her smartphone and requested an UBER driver for transportation to another location.

16. On June 2, 2024, Plaintiff was paired by the UBER Passenger App with the UBER driver, "William."

17. When "William" arrived, Plaintiff checked the vehicle make, model, and license plate number provided in the Uber Passenger App to the vehicle that "William" was driving to ensure she was entering the correct vehicle.

18. Plaintiff then proceeded to get into the vehicle being operating by "William."

19. Shortly after the ride began, "William" began driving erratically, disregarding stop signs, speeding, and disregarding the GPS directions provided to him by the UBER Driver App.

20. Additionally, throughout the ride, he was making frequent eye contact with Plaintiff while licking his lips and touching his groin.

21. These actions concerned Plaintiff, who repeatedly requested "William" slow the car and obey traffic laws. When these requests were ignored, she requested that "William" pull over and unlock the doors so she could exit the vehicle. All of her pleas were ignored.

22. After approximately 10 minutes of being held in the vehicle against her will, "William" pulled into a gas station and let Plaintiff exit the vehicle.

## **COUNT 1 – NEGLIGENCE**

23. Plaintiff restates and incorporates paragraphs one through twenty-two as though fully stated herein.

FILED DATE: 6/1/2026 10:51 AM 2026L006380

24. At all relevant times, UBER knew or should have known that "William had a particular unfitness for his job as an UBER driver, which created an unreasonable risk of harm to passengers, including Plaintiff.

25. At all relevant times, UBER owed a duty of reasonable care to Plaintiff to ensure its customers were being matched with safe drivers.

26. At all relevant times, UBER owed a duty of reasonable care to Plaintiff to ensure they were being safely transported to their destination.

27. At all relevant times, UBER owed a duty to Plaintiff to exercise reasonable care in the performance of the services it offered to her through the UBER Passenger App.

28. In violation of the aforesaid duties, UBER, by and through its agent, servants, and/or employees, was guilty of one or more of the following careless acts and/or omissions:

a. Carelessly and negligently failed to prohibit their driver from driving recklessly with UBER customers in the vehicle;

b. Carelessly and negligently failed to institute adequate policies to protect UBER customers from reckless drivers;

c. Carelessly and negligently failed to institute adequate policies to prohibit UBER drivers from confining UBER customers in their vehicles;

d. Carelessly and negligently failed to prohibit their driver from causing imminent fear of bodily harm to UBER customers in the vehicle;

e. Was otherwise careless and/or negligent.

29. As a direct and proximate result of the negligent conduct described herein, Plaintiff has suffered and continues to suffer injuries and damages, including, without limitation, great pain of body and mind; shock; severe and permanent emotional distress; physical manifestations of the aforesaid emotional distress; terror; embarrassment; loss of self-esteem; disgrace; humiliation; and

FILED DATE: 6/1/2026 10:51 AM 2026L006380

loss of enjoyment of life. The Plaintiff has incurred and will continue to incur severe psychological injury and expenses for medical and psychological treatment, therapy, and counseling.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs, disbursements, reasonable attorney's fees, interest including prejudgment interest, and such other relief as is deemed equitable and just.

## COUNT II – NEGLIGENT HIRING, SUPERVISION, AND RETENTION

30. Plaintiff restates and incorporates paragraphs one through twenty-two as though fully stated herein.

31. At all relevant times, UBER owed a duty to Plaintiff to exercise reasonable care in the hiring, supervision, and training of its drivers.

32. In violation of the aforesaid duties, UBER, by and through its agent, servants, and/or employees, was guilty of one or more of the following careless acts and/or omissions:

a. Carelessly and negligently failed to perform adequate screenings to ensure that reckless and dangerous drivers were not allowed access to UBER customers;

b. Carelessly and negligently hired "William," despite his dangerous propensities;

c. Carelessly and negligently failed to supervise its drivers to ensure they were following UBER policies and local traffic laws;

d. Carelessly and negligently failed to supervise its drivers to ensure they were not causing undue fear to UBER passengers;

e. Carelessly and negligently failed to supervise its drivers to ensure they were not falsely imprisoning UBER passengers;

f. Carelessly and negligently failed to terminate its relationship with "William" as an UBER driver, despite his dangerous propensities;

g. Was otherwise careless and/or negligent.

FILED DATE: 6/1/2026 10:51 AM 2026L006380

33. As a direct and proximate result of the negligent conduct described herein, Plaintiff has suffered and continues to suffer injuries and damages, including, without limitation, great pain of body and mind; shock; severe and permanent emotional distress; physical manifestations of the aforesaid emotional distress; terror; embarrassment; loss of self-esteem; disgrace; humiliation; and loss of enjoyment of life. The Plaintiff has incurred and will continue to incur severe psychological injury and expenses for medical and psychological treatment, therapy, and counseling.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs, disbursements, reasonable attorney's fees, interest including prejudgment interest, and such other relief as is deemed equitable and just.

## COUNT III – FALSE IMPRISONMENT

34. Plaintiff restates and incorporates paragraphs one through twenty-two as though fully stated herein.

35. At all relevant times, UBER, through its employee, servant, and/or agent, restrained Plaintiff against her will by not allowing her to exit the vehicle when requested.

36. Plaintiff clearly voiced that she was being kept in the vehicle against her will when she repeatedly orally requested that the driver stop and let her out.

37. At all relevant times, UBER did not have any reasonable grounds to restrain Plaintiff, nor did it have any legal authority to do so.

38. As a direct and proximate result of the false imprisonment of Plaintiff, she has suffered and continues to suffer injuries and damages, including, without limitation, great pain of body and mind; shock; severe and permanent emotional distress; physical manifestations of the aforesaid emotional distress; terror; embarrassment; loss of self-esteem; disgrace; humiliation; and

FILED DATE: 6/1/2026 10:51 AM 2026L006380

loss of enjoyment of life. The Plaintiff has incurred and will continue to incur severe psychological injury and expenses for medical and psychological treatment, therapy, and counseling.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs, disbursements, reasonable attorney's fees, interest including prejudgment interest, and such other relief as is deemed equitable and just.

Respectfully Submitted,

Molly C. Wells
Attorney for Plaintiff

**WALLACE MILLER**
Molly C. Wells (6320461)
Alexandrea M. Messner (6334481)
200 W. Madison St., Suite 3400
Chicago, IL 60606
Phone: (312) 261-6193
Fax: (312) 275-8174
Email: mcw@wallacemiller.com
amm@wallacemiller.com
Firm ID: 65958

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,S,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https.//www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 7/29/2026 9:30 AM

FILED
6/1/2026 10:51 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026L006380
Calendar, F
38337541

FILED DATE: 6/1/2026 10:51 AM 2026L006380

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| *Plaintiff,* | ) | |
| | ) | NO.: |
| vs. | ) | |
| | ) | |
| UBER TECHNOLOGIES, INC., | ) | |
| *Defendant.* | ) | |

**ORDER**

This matter coming to be heard on Plaintiff's Petition to Proceed under a Fictitious Name, the Court being fully advised finds as follows:

Pursuant to *In re Marriage of Johnson,* 232 Ill. App. 3d 1068 (4th Dist. 1992), the Court has balanced Plaintiff's right to privacy against the public's right of access to open court proceedings. Plaintiff contends there is a compelling interest because she alleges she was assaulted by Defendant's agent.

The Court finds there is a compelling interest that favors Plaintiff's right to privacy in keeping her name from the public and such right is superior to the public's right of access to an open proceeding. *See Doe v. Doe,* 282, Ill App. 3d 1078, 1088 (1st Dist. 1996).

The Court further finds that the privacy issue involved shall be protected in the least restrictive way possible. The Court finds that the least restrictive way to protect the privacy of Plaintiff is by proceeding under Jane Doe.

This order may be reconsidered if Plaintiff takes any steps to make her name known to the public and shall be reconsidered by the trial judge at the time of jury selection.

PREPARED BY:
Molly C. Wells
Alexandrea M. Messner
**WALLACE MILLER**
200 W. Madison St., Suite 3400
Chicago, IL 60606
(312) 261-6193
Email: mcw@wallacemiller.com
amm@wallacemiller.com

ENTERED: ____________________

ENTERED
Judge Thomas Lyons-1986
MAY 29 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, F

FILED
6/1/2026 12:40 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026L006380
Calendar, F
38341439

FILED DATE: 6/1/2026 12:40 PM 2026L006380

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| *Plaintiff,* | ) | |
| vs. | ) | NO.: 2026L006380 |
| UBER TECHNOLOGIES, INC, | ) | |
| *Defendant.* | ) | |

**PLAINTIFF'S MOTION TO PROCEED UNDER FICTITIOUS NAME**

Plaintiff, JANE DOE, by and through her counsel, WALLACE MILLER, and for her MOTION TO PROCEED UNDER FICTITIOUS NAME, pursuant to 713 ILCS 5/2-401(e), states as follows:

1. This Motion is filed contemporaneously with Plaintiff's proposed *Complaint at Law*.

2. This matter arises from the assault and false imprisonment of Plaintiff, which occurred on or about June 2, 2024, during an UBER ride by an UBER employee/driver named "William" (last name unknown).

3. Plaintiff, JANE DOE, sustained severe physical and emotional injuries as a result of the abuse and continues to incur severe psychological injury and expenses for treatment.

4. In relevant part, 735 ILCS 5/2-401(e) provides, "Upon application and good cause shown, the parties may appear under fictitious names."

5. Fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses. *A.P. v. M.E.E.*, 354 Ill.App.3d 989, 1003 (1st Dist. 2004).

FILED DATE: 6/1/2026 12:40 PM 2026L006380

6. Although Plaintiff in this case was not sexually touched by the Uber driver, the driver made sexual gestures and placed her in imminent fear of being sexually assaulted, as alleged in her Complaint at Law. As such, Plaintiff has suffered injuries similar to those she would have sustained had the driver followed through with his threats.

7. The disclosure of the identity of Plaintiff will contribute to her severe and profound psychological damages caused by the abuse. There is “good cause” in this case to proceed under fictitious name.

8. For the foregoing reasons, Plaintiff, JANE DOE, respectfully requests that this Honorable Court enter an Order for the following relief:

a. Granting this Motion for Leave to Proceed Under a Fictitious Name and Order pleadings in this matter to refer to the Plaintiff as JANE DOE;

b. Entering an appropriate Protective Order prohibiting all parties, employees, consultants, representatives of parties, attorneys involved in this case, agents of attorneys involved in this case, independent contractors who may work on behalf of attorneys involved in the case, or the parties, all court personnel and all third parties, from disclosing the true identity of the Plaintiff and any other personal identifying information until such time as the Court may Order otherwise; and

c. Order such other relief as this court deems just and appropriate.

WHEREFORE, the Plaintiff, JANE DOE, respectfully requests this Honorable Court to allow her to proceed in this lawsuit using fictitious names and enter an Order as requested in this Motion.

DATED: May 28, 2026

Respectfully submitted,

Molly C. Wells
Alexandrea M. Messner
**WALLACE MILLER**
200 W. Madison St., Suite 3400
Chicago, IL 60606

FILED DATE: 6/1/2026 12:40 PM 2026L006380

Phone: (312) 261-6193
Email: mcw@wallacemiller.com
amm@wallacemiller.com
Firm ID 65958

**ATTORNEYS FOR PLAINTIFF**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| JANE DOE, *Plaintiff,* vs. UBER TECHNOLOGIES, INC., *Defendant.* | ) | NO.: 26L006380 |

CC PT

## ORDER

This matter coming to be heard on Plaintiff's Petition to Proceed under a Fictitious Name, the Court being fully advised finds as follows:

Pursuant to *In re Marriage of Johnson,* 232 Ill. App. 3d 1068 (4th Dist. 1992), the Court has balanced Plaintiff's right to privacy against the public's right of access to open court proceedings. Plaintiff contends there is a compelling interest because she alleges she was assaulted by Defendant's agent.

The Court finds there is a compelling interest that favors Plaintiff's right to privacy in keeping her name from the public and such right is superior to the public's right of access to an open proceeding. *See Doe v. Doe,* 282, Ill App. 3d 1078, 1088 (1st Dist. 1996). 438

The Court further finds that the privacy issue involved shall be protected in the least restrictive way possible. The Court finds that the least restrictive way to protect the privacy of Plaintiff is by proceeding under Jane Doe.

This order may be reconsidered if Plaintiff takes any steps to make her name known to the public and shall be reconsidered by the trial judge at the time of jury selection.

PREPARED BY:
Molly C. Wells
Alexandrea M. Messner
**WALLACE MILLER**
200 W. Madison St., Suite 3400
Chicago, IL 60606
(312) 261-6193
Email: mcw@wallacemiller.com
amm@wallacemiller.com

ENTERED: Thomas V. Lyons

ENTERED
Judge Thomas Lyons-1986
MAY 29 2026
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, F

FILED
6/2/2026 12:19 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026L006380
Calendar, F
38362308

FILED DATE: 6/2/2026 12:19 PM 2026L006380

# SUMMONS

IN THE STATE OF ILLINOIS, CIRCUIT COURT

☐ **Alias Summons**

*Check if this is not the 1st Summons issued for this Defendant/Respondent.*

**COUNTY:** Cook
*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** JANE DOE
*Who started the case.* — *First, Middle, and Last Name, or Business Name*

**DEFENDANTS/RESPONDENTS:** UBER TECHNOLOGIES, INC.
*Who the case was filed against.*

______________________________

______________________________

*First, Middle, and Last Name, or Business Name*

2026L006380
**Case Number**

**The Defendant/Respondent named above has been sued. Read this form for information about how to respond to this lawsuit. Also see page 4 for next steps.**

**For the person filling out this form: Read all instructions in this box.**

This *Summons* can only be used for certain types of cases. See the *How To Serve a Summons* Instructions for more information: ilcourts.info/how-to-summons.

Check 1 if this is a 30-day summons or check 2 if this is a date certain summons. Fill in all the information in 1 or 2.

- Use a **date certain summons** if you are asking for money of $50,000 or less or recovery of your personal property that you think the Defendant has, and for some mandatory arbitration cases. In 2, fill in your court date and how to go to court. You may get the court date when you e-file or you may need to ask the Circuit Clerk's office.
- Use a **30-day summons** for most other case types.

Complete the rest of the form with the Defendant/Respondent's information and information about the lawsuit.

**If you are suing more than 1 Defendant/Respondent**, attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

## ☑ 1. 30-DAY SUMMONS

To participate in this case, you must **file** your *Appearance* and *Answer/Response* forms with the court within 30 days after you are served with this *Summons* (not counting the day of service) by e-filing or at:

Court Address: 50 W. Washington St., Chicago, IL 60602
*Courthouse Street Address*

**- or -**

## ☐ 2. DATE CERTAIN SUMMONS

*Your court date is listed below. Information about getting a court date and how to attend is available from the Circuit Clerk. You can find their contact information at ilcourts.info/clerks.*

To respond to this *Summons*, you must **attend court** in one of the ways checked below on:

______________ at ______________ ☐ a.m. ☐ p.m. in ______________.
*Month, Day, Year* — *Time* — *Courtroom Number*

FILED DATE: 6/2/2026 12:19 PM 2026L006380

*Case Number* 2026L006380

## Going to Court for a Date Certain Summons

Court dates may be in-person, remote, or a combination of in-person and remote.

☐ **In person** at: ____________________ ____________________
*Courtroom Address* *Courtroom Number*

☐ **Remotely** (video or telephone)

**By video conference** at: ______________________________
*Video Conference Website*

Log-in information: ______________________________
*Video Conference Log-in Information, Meeting ID, Password, etc.*

**By telephone** at: ______________________________
*Call-in Number for Telephone Remote Appearance*

To find out more about remote court options:

Phone: ____________________ or Website: ______________________________
*Circuit Clerk's Phone Number* *Website URL*

## 3. ADDITIONAL INFORMATION ABOUT THE LAWSUIT

a. I am asking for the following amount of money in my *Complaint/Petition*: $ ________________.
*(Enter 0 if you are not asking for money)*

b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession) in my *Complaint/Petition*.

☐ Yes ☑ No

## 4. DEFENDANT/RESPONDENT'S INFORMATION

a. Number of Defendants/Respondents being served:

☑ I am having 1 Defendant/Respondent served and their information is on this form below.

☐ I am having more than 1 Defendant/Respondent served. The first is listed below. I have attached *Additional Defendant/Respondent Address and Service Information* forms for the following number of additional Defendants/Respondents: ____________.
*Number*

b. First Defendant/Respondent's **primary address/information** for service:

Name: Uber Technologies, Inc.
*First, Middle, and Last Name, or Business Name*

Registered Agent's Name *(if you are serving the Registered Agent of a business)*:

CT Corporation System
*First, Middle, and Last Name*

Street Address: 208 S. LaSalle St., Suite 814
*Street, Apt #*

City, State, ZIP: Chicago IL 60604
*City* *State* *Zip*

Telephone: ______________________ Email: ______________________

FILED DATE: 6/2/2026 12:19 PM 2026L006380

*Case Number* 2026L006380

c. **Second address** for this Defendant/Respondent:

☐ I do **not** have another address where the Defendant/Respondent might be found.
☐ I have another address where this Defendant/Respondent might be found. It is:

Street Address: ______________________
*Street, Apt #*

City, State, ZIP: ______________________
*City* *State* *Zip*

Telephone: ______________ Email: ______________

d. Person who will serve your documents on this Defendant/Respondent:

☐ Sheriff in Illinois ☐ Special process server ☐ Licensed private detective

☐ Sheriff outside Illinois: ______________________
*County & State*

## PLAINTIFF/PETITIONER INFORMATION:

*Enter your information below.*

Name JANE DOE
*First, Middle and Last Name*

Registered Agent's name, if any ______________________
*First, Middle and Last Name*

Street Address 200 W. Madison St., Suite 3400
*Street, Apt #*

City, State, ZIP: Chicago IL 60602
*City* *State* *Zip*

Telephone: (312) 261-6193 Email: mcw@wallacemiller.com

Be sure to **check your email every day** so you do not miss important information, court dates, or documents from other parties.

**STOP** The Circuit Clerk and officer or process server will fill in this section.

**To be filled in by the Circuit Clerk:**

Witness this Date: ______________________

Clerk of the Court: 6/2/2026 12:19 PM Mariyana T. Spyropoulos

*Seal of Court*

**To be filled in by an officer or process server:**

Date of Service: ______________________

*Fill in the date above and give this copy of the Summons to the person served.*

**Note to officer or process server:**

- If **1** is checked, this is a 30-day *Summons* and must be served within 30 days of the witness date.
- If **2** is checked, this is a date certain *Summons* and must be served at least 21 days before the court date, unless 3b is checked yes.
  - If **2** is checked **and 3b** is checked yes, the *Summons* must be served at least 3 days before the court date.
- Fill in the date above and give this copy of the *Summons* to the person served.
- You must also complete the attached *Proof of Service* form and file it with the court or return it to the Plaintiff.

Case Number 2026L006380

FILED DATE: 6/2/2026 12:19 PM 2026L006380

# WHAT'S NEXT

## NEXT STEPS FOR PERSON FILLING OUT THIS FORM:

When you file a lawsuit, you must notify the person or business you are suing of the court case by having the *Summons* and Complaint or Petition delivered to them. This is called "serving" them.

File your *Summons* and Complaint or Petition with the Circuit Clerk in the county where your court case should be filed. The Circuit Clerk will "issue" the *Summons* by putting a court seal on the form.

Have the sheriff or a private process server serve the *Summons* and a copy of the Complaint or Petition on the Defendant/Respondent. You cannot serve the *Summons* yourself.

Learn more about each step in the process and how to file in the instructions: ilcourts.info/how-to-summons.

## NEXT STEPS FOR PERSON RECEIVING THIS DOCUMENT:

**You have been sued:**

- Read all documents attached to this *Summons*.
- All documents referred to in this *Summons* can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- You may be charged filing fees, but if you cannot pay them, you can file an *Application for Waiver of Court Fees (Civil)*.
- When you go to court, it is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

**If Section 1 on page 1 of this *Summons* is checked (30-day summons)**:

- You **must** file official documents called an *Appearance* and an *Answer/Response* with the court within 30 days of the date you were served with this *Summons*.
- If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.
- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efile. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.
- You should be notified of any future court dates.

**If Section 2 on page 1 of this *Summons* is checked (date certain summons):**

- You **must** attend court on the date listed in Section 2 of this *Summons.*
- If you do not attend that court date, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.

**Need Help? ¿Necesita ayuda?**

- Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents.
- Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.
- You can also get free legal information and legal referrals at illinoislegalaid.org.
- If there are any words or terms that you do not understand, please **visit Illinois Legal Aid Online** at ilao.info/glossary. You may also find more information, resources, and the location of your local legal self-help center at: ilao.info/lshc-directory.

FILED DATE: 6/2/2026 12:19 PM 2026L006380

Case Number 2026L006380

# PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION

IN THE STATE OF ILLINOIS, CIRCUIT COURT

☐ **Alias Summons**

*Check if this is not the 1st Summons issued for this Defendant/Respondent.*

**COUNTY:** Cook

*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** JANE DOE

*Who started the case.* *First, Middle, and Last Name, or Business Name*

**DEFENDANTS/RESPONDENTS:** UBER TECHNOLOGIES, INC.

*Who the case was filed against.*

______________________________

______________________________

*First, Middle, and Last Name, or Business Name*

2026L006380

**Case Number**

STOP Do not complete the rest of the form. **The sheriff or special process server will fill in the form.** Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent who will be served.

My name is ______________________________ and I state:

*Officer/Process Server First, Middle, Last Name*

## SERVICE INFORMATION

Defendant/Respondent: ______________________________

*First, Middle, Last Name, or Business Name*

☐ I was not able to serve the *Summons* and Complaint/Petition on the Defendant/Respondent named above.

**- or -**

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent named above as follows:

☐ **Personally** on the Defendant/Respondent:

☐ Male ☐ Female ☐ Non-Binary Approx. Age: __________ Race: ______________

On this date: ______________ at this time: ______________ ☐ a.m. ☐ p.m.

Address, Unit#: ______________________________

City, State, ZIP: ______________________________

☐ On **someone else at the Defendant/Respondent's home** who is at least 13 years old and is a family member or lives there:

Name of person served: ______________________________

*First, Middle, Last Name*

☐ Male ☐ Female ☐ Non-Binary Approx. Age: __________ Race: ______________

On this date: ______________ at this time: ______________ ☐ a.m. ☐ p.m.

Address, Unit#: ______________________________

City, State, ZIP: ______________________________

and by sending a copy to this Defendant/Respondent in a postage-paid, sealed envelope to the above address on this date: ______________.

FILED DATE: 6/2/2026 12:19 PM 2026L006380

Case Number 2026L006380

☐ On the **Business's agent:** ______________________________
*First, Middle, Last Name*

☐ Male ☐ Female ☐ Non-Binary Approx. Age: ________ Race: ____________

On this date: ______________ at this time: ______________ ☐ a.m. ☐ p.m.

Address, Unit#: ____________________________________________

City, State, ZIP: ____________________________________________

## SERVICE ATTEMPTS

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

**First Attempt:** On this date: ________________ at this time: ____________ ☐ a.m. ☐ p.m.

Address, Unit#: ____________________________________________

City, State, ZIP: ____________________________________________

Other information about service attempt:

____________________________________________

____________________________________________

____________________________________________

**Second Attempt:** On this date: ________________ at this time: ____________ ☐ a.m. ☐ p.m.

Address, Unit#: ____________________________________________

City, State, ZIP: ____________________________________________

Other information about service attempt:

____________________________________________

____________________________________________

____________________________________________

**Third Attempt:** On this date: ________________ at this time: ____________ ☐ a.m. ☐ p.m.

Address, Unit#: ____________________________________________

City, State, ZIP: ____________________________________________

Other information about service attempt:

____________________________________________

____________________________________________

____________________________________________

## SIGN

I certify under 735 ILCS 5/1-109 that:

1) everything in this document is true and correct, or I have been informed or I believe it to be true and correct, and

2) I understand that making a false statement on this form is perjury and has penalties provided by law.

Your Signature /s/______________________ Print Your Name ______________________

You are: ☐ Sheriff in Illinois ☐ Special process server

☐ Sheriff outside Illinois: ______________ ☐ Licensed private detective, license number: ______________
*County and State* *License number*

**FEES:**

Service and Return: $__________ Miles: $__________ Total: $____________

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, F

FILED
6/8/2026 4:54 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026L006380
Calendar, F
38460911

FILED DATE: 6/8/2026 4:54 PM 2026L006380

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**JANE DOE**

*Plaintiff(s) / Petitioner(s)*

v.

Case No.: 2026L006380

**UBER TECHNOLOGIES, INC**

*Defendant(s) / Respondent(s)*

**AFFIDAVIT OF SERVICE**

I, Noe Ramirez, state:

I am over the age of 18 and not a party to this action. I am an authorized process server under the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004.

I served the following documents to Uber Technologies, Inc. in Cook County, IL on June 4, 2026 at 2:00 pm at 208 S. LaSalle St., Suite 814, Chicago, IL 60603 by leaving the following documents with Khalilah Starks who as INTAKE_SPECIALIST at CT Corp is authorized by appointment or by law to receive service of process for Uber Technologies, Inc..

06.02.26 Summons - Uber Technologies Inc.
06.01.26 Complaint at Law - Doe v. Uber Technologies
Race: Black or African American, Sex: Female, Est. Age: 25-34, Hair: Black, Glasses: N, Est. Weight: 140 lbs to 160 lbs, Est. Height: 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=41.8787949,-87.6317273
Photograph: See Exhibit 1

Total Cost: $95.00

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

/s/ Noe Ramirez
Signature
Noe Ramirez
+1 (708) 646-1070
Proof Illinois LLC
No. 117.001863

Executed in
Cook County,
IL on 6/8/2026.

FILED DATE: 6/8/2026 4:54 PM 2026L006380

Exhibit 1a)



FILED DATE: 6/8/2026 4:54 PM 2026L006380



FILED DATE: 6/8/2026 4:54 PM 2026L006380



Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, F

FILED
6/15/2026 1:59 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026L006380
Calendar, F
38563425

FILED DATE: 6/15/2026 1:59 PM 2026L006380

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

JANE DOE,

Plaintiff,

v.

UBER TECHNOLOGIES, INC.,

Defendant.

Case No. 2026L006380

Calendar F

**APPEARANCE**

The undersigned enters the Appearance of Defendant UBER TECHNOLOGIES, INC.

*/s/ Andrew Albright*

Andrew Albright
Jonathan Powell
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
161 N. Clark, Suite 4500
Chicago, IL 60601
(312) 704-0550
andrew.albright@wilsonelser.com
jonathan.powell@wilsonelser.com
Firm I.D. 16741

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 15, 2026, the above and foregoing was electronically filed with the Clerk of the Court using the Court's e-filing system and that a true and correct copy was served on all parties of record by File and Serve Illinois.

*Attorneys for Plaintiff*
Molly C. Wells
Alexandrea M. Messner
WALLACE MILLER
200 W. Madison St, Suite 3400
Chicago, IL 60606
mcw@wallacemiller.com
amm@wallacemiller.com

*/s/ Andrew Albright*

Date: 6/25/2026

CIRCUIT COURT OF COOK COUNTY
LAW DIV. RM. 801, DALEY CENTER.
CHICAGO IL-60602

Doe Jane

-

WALLACE LEGAL GROUP LLC
EAW@WALLACEMILLER.COM

Notice of In Person Case Management

CASE: 2026L006380 / Jane Doe -vs- Uber Technologies, Inc.

All Law Division Motion Calendar Initial Case Management dates will be held In Person,
In-Person Court Date: Wednesday July 29 2026 09:30 AM
Room Court Room 2201 Calendar F
For all questions on the initial CMC date,
email: LAW.CALFcc@cookcountyil.gov or phone: (312) 603-6064

Date: 6/25/2026

CIRCUIT COURT OF COOK COUNTY
LAW DIV. RM. 801, DALEY CENTER.
CHICAGO IL-60602

Doe Jane

-

WALLACE LEGAL GROUP LLC
EAW@WALLACEMILLER.COM

Notice of In Person Case Management

CASE: 2026L006380 / Jane Doe -vs- Uber Technologies, Inc.

All Law Division Motion Calendar Initial Case Management dates will be held In Person,
In-Person Court Date: Wednesday July 29 2026 09:30 AM
Room Court Room 2201 Calendar F
For all questions on the initial CMC date,
email: LAW.CALFcc@cookcountyil.gov or phone: (312) 603-6064

# Exhibit C

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, F

FILED
6/8/2026 4:54 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026L006380
Calendar, F
38460911

FILED DATE: 6/8/2026 4:54 PM 2026L006380

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**JANE DOE**

*Plaintiff(s) / Petitioner(s)*

v. Case No.: 2026L006380

**UBER TECHNOLOGIES, INC**

*Defendant(s) / Respondent(s)*

## AFFIDAVIT OF SERVICE

I, Noe Ramirez, state:

I am over the age of 18 and not a party to this action. I am an authorized process server under the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004.

I served the following documents to Uber Technologies, Inc. in Cook County, IL on June 4, 2026 at 2:00 pm at 208 S. LaSalle St., Suite 814, Chicago, IL 60603 by leaving the following documents with Khalilah Starks who as INTAKE_SPECIALIST at CT Corp is authorized by appointment or by law to receive service of process for Uber Technologies, Inc..

06.02.26 Summons - Uber Technologies Inc.
06.01.26 Complaint at Law - Doe v. Uber Technologies
Race: Black or African American, Sex: Female, Est. Age: 25-34, Hair: Black, Glasses: N, Est. Weight: 140 lbs to 160 lbs, Est. Height: 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=41.8787949,-87.6317273
Photograph: See Exhibit 1

Total Cost: $95.00

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

/s/ Noe Ramirez
Signature
Noe Ramirez
+1 (708) 646-1070
Proof Illinois LLC
No. 117.001863

Executed in
Cook County,
IL on 6/8/2026.

FILED DATE: 6/8/2026 4:54 PM 2026L006380




Exhibit 1b)
CT
a Wolters Kluwer business
CT Corporation
EXIT
Wolters Kluwer

FILED DATE: 6/8/2026 4:54 PM 2026L006380



# Exhibit D

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2026L006380 |
| | ) | |
| v. | ) | |
| | ) | |
| UBER TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF FILING OF**
**DEFENDANT'S NOTICE OF REMOVAL**

NOW COMES Defendant UBER TECHNOLOGIES, INC. and hereby notifies this Court that it has on July 6, 2026, removed this case to the United States District Court for the Northern District of Illinois. A copy of the Notice of Removal filed in the United States District Court for the Northern District of Illinois is attached to this Notice as Exhibit A.

Respectfully submitted,

**UBER TECHNOLOGIES, INC.**

By: /s/ Andrew J. Albright

Andrew J. Albright
Jonathan W. Powell
Wilson Elser Moskowitz Edelman & Dicker LLP
161 North Clark Street, Suite 4500
Chicago, IL 60601
312.704.0550 main
andrew.albright@wilsonelser.com
jonathan.powell@wilsonelser.com
Attorney Code 16741

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2026, I electronically filed the aforesaid document(s) with the Clerk of the Court of Cook County using the File and Serve Illinois system which will send notification of such filing to all parties of record in this case by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Service was also made via email to the parties below:

**Counsel for Plaintiff Jane Doe:**
**Molly C. Wells**
**Alexandrea M. Messner**
**Wallace Miller**
**200 W. Madison St., Suite 3400**
**Chicago, Illinois 60606**
**mcw@wallacemiller.com**
**amm@wallacemiller.com**

/s/ Andrew J. Albright

**[X]Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.**